IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DR. JEFFREY THOMAS VASSEUR, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO: 7:22-cv-97 (WLS) |
| VALDOSTA STATE UNIVERSITY., | : | |
| Defendant. | : | |

## ORDER

Presently before the Court is Plaintiff's Motion for Leave to Amend and corresponding request to Join a Party to this Action, which was improperly included in Plaintiff's Response to Defendant's combined 12(b)(5) and 12(b)(6) Motion to Dismiss. (Doc. 3 & 6.) Therein, Plaintiff requests this Court's leave to amend the complaint and join the University System of Georgia to this action. (Doc. 6.) Plaintiff also responds to Defendant's combined 12(b)(5) and 12(b)(6) Motion to Dismiss. (Docs. 3 & 6.)

By way of background, Defendant moved to dismiss Plaintiff's Complaint on December 20, 2022 for three reasons: (1) Plaintiff did not sue the proper Defendant in this lawsuit, but rather named Valdosta State University, an entity not capable of being sued, (2) Plaintiff did not serve the Board of Regents of the University System of Georgia, the actual Defendant in this case, and (3) Plaintiff's Complaint is subject to dismissal for failure to exhaust Plaintiff's administrative remedies under Title VII. (*Id.*) Plaintiff filed an untimely Response to Defendant's Motion to Dismiss on January 11, 2023, which included the present Motion to Amend and Motion for Joinder. (Doc. 6.) Therein, Plaintiff contends that dismissal is improper as Plaintiff sued the correct Defendant, the University System of Georgia can be

1

joined to this case, and Plaintiff's case should be exempted from the administrative remedies requirement of Title VII. (*Id.*) Plaintiff also moves for this Court's leave to amend the Complaint pursuant to Fed. R. Civ. P. 15(a) as well as for permission to join the University System of Georgia to this action. (Doc. 6.)

For the reasons that follow, Plaintiff's Motion for Leave to Amend (Doc. 6) is **GRANTED**. Furthermore, it is hereby **ORDERED** that Plaintiff's Motion for Joinder (Doc. 6) is **DENIED as MOOT without prejudice**. Defendant's Motion to Dismiss for Insufficient Service of Process and Failure to State a Claim (Doc. 3) are **DENIED as MOOT without prejudice.**

## RELEVANT PROCEDURAL HISTORY

Plaintiff, Dr. Jeffrey Vasseur, commenced this action by filing a Complaint with this Court on September 18, 2022. (Doc. 1.) Plaintiff asserts a single claim for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Doc. 1 at 9.)

Pursuant to Federal Rule of Civil Procedure 4(m) Plaintiff had ninety (90) days to perfect service after the filing of the Complaint, or no later than Saturday, December 17, 2022. As of December 20, 2022, Plaintiff had not shown that service of process on Defendant.

Accordingly, on December 20, 2022, this Court entered an Order for Plaintiff to show cause why the Complaint should not be dismissed for failure to serve process. (Doc. 4.) Shortly before that Order was entered Defendant, the Board of Regents of the University System of Georgia, entered a notice of special appearance, filing a Motion to Dismiss Plaintiff's Complaint. (Doc. 3.) As stated *supra*, Defendant contended that Plaintiff's Complaint should be dismissed for three reasons.

2

Plaintiff complied with this Court's Order to show cause (Doc. 5), on November 30, 2022 showing that Plaintiff had served Henrietta Benjamin, the minors on-campus coordinator for Valdosta State University. On January 11, 2023, Plaintiff filed a Response (Doc. 6) to Defendant's Motion to Dismiss. Defendants subsequently filed a Reply on January 17, 2023. (Doc. 7.) Accordingly, briefing has now concluded, and this issue is ripe for disposition.

## **DISCUSSION**

As stated *supra*, Defendant contends that Plaintiff's Complaint should be dismissed for three reasons: (1) Plaintiff did not sue the proper Defendant in this lawsuit, (2) Plaintiff did not serve the Board of Regents of the University System of Georgia, and (3) Plaintiff's Complaint is subject to dismissal for failure to exhaust Plaintiff's administrative remedies under Title VII. (Doc. 3.) In Response, Plaintiff contends that they did sue the proper Defendant in this lawsuit, that the Board of Regents of the University System of Georgia can be joined to this action and that Plaintiff could not have exhausted the administrative remedies of Title VII. (Doc. 6.) On the final page of Plaintiff's Response, Plaintiff also moves this Court for leave to amend and requests permission to join the University System of Georgia to this action. (Doc. 6.)

In the United States Court of Appeals for the Eleventh Circuit "there is a strong policy of determining cases on their merits." *Valdez v. Feltman (In re Worldwide Web Sys.)*, 328 F.3d 1291, 1295 (11th Cir. 2003). Furthermore, a "district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed. R. Civ. P. 15(a)" when leave to amend is requested. *Bryant v. Dupree*, 252 F.3d 1161, 1163, (11th Cir. 2001). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad

3

enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). It is for that reason that generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

A district court need not give leave to amend, however, where "(1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). In the present case, Defendant does not contend that Plaintiff should not be granted leave to amend due to either undue delay, bad faith, dilatory motive, or undue prejudice, but rather that Plaintiff's Motion for Leave to Amend should be denied as any amendment would be futile – in light of Plaintiff's admission that he had failed to exhaust Title VII's administrative prerequisites and statement that Plaintiff "did not receive discrimination based on race or gender" (Doc. 6 at 4) – and Plaintiff did not properly request leave to amend.[1] (Doc. 7.) Accordingly, this Court need only decide whether amending Plaintiff's Complaint would be futile as Defendant contends, and whether Plaintiff's failure to properly request leave to amend is fatal.

As an initial matter, amending Plaintiff's Complaint may not be denied as futile as Defendant contends as Plaintiff's failure "to file a charge with the [[Equal Employment Opportunity Commission] within the 180-day period does not serve as a jurisdictional bar to the employee bringing an action in federal court." *Freeman v. CSX Transp. Co.*, 730 F. Supp. 1084, 1086 (M.D. AL 1989) (*see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). This

---

[1] The Court notes for the purposes of the record that Defendant does not appear to distinctly contest Plaintiff's request for Joinder in their Response. (Doc. 7.)

4

is because the 180-day requirement, "like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes*, 455 U.S. at 393. Accordingly, it is conceivable, albeit not plausible, that Plaintiff will be able to state an actionable claim under Title VII, if granted leave to amend, even though Plaintiff admits that he "did not receive discrimination based on race or gender." (Doc. 6 at 4.)

Furthermore, failure to properly request leave to amend is not fatal to Plaintiff's Motion for Leave to Amend. (Doc. 6.) While Defendant is correct that the deadline to amend as a matter of course pursuant to Fed. R. Civ. P. 15 has since passed, a party may still amend its pleading with the court's leave. Fed. R. Civ. P. 15(a)(2). While a motion for leave to amend should be filed as a separate motion and "either set forth the substance of the proposed amendment or attach a copy of the proposed amendment" failure to comply with these requirements is not inherently fatal. *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). Failure to comply with those requirements is not fatal as it remains within the district court's discretion whether to grant leave to amend.

Accordingly, given that the Defendant in this action has not proffered a "substantial reason" why Plaintiff's Motion to Amend (Doc. 6) should be denied, and this Court cannot determine whether "a more carefully drafted complaint might state a claim" this Court finds that the interest of justice requires granting Plaintiff's Motion to Amend. (Doc. 6.) *Bank*, 928 F.2d at 1112. Accordingly, Plaintiff's Motion for Leave to Amend (Doc. 6) is **GRANTED**. Plaintiff is hereby **ORDERED** to file an Amended Complaint within seven (7) days of the entry of this Order. Given that Defendants correctly noted that the improper Defendant was served in this action, Plaintiff is also hereby **ORDERED** to perfect service of process within

fourteen (14) days of the filing of the Amended Complaint. Defendant shall thereafter be given twenty-one (21) days to file an Answer or other appropriate motion.

Finally, it is hereby **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P 12(b)(5) and 12(b)(6) (Doc. 3) is **DENIED as MOOT without prejudice** and that Plaintiff's Motion for Joinder of Parties (Doc 6) is **DENIED as MOOT without Prejudice**.

**SO ORDERED**, this 19th day of January 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**